Good morning, everyone. I'm delighted to hear from you. Good morning, Your Honors. If you find that you can't hear me, obviously, let you know. I will try to keep my voice up. May it please the Court, I'm Fran Pratt on behalf of the appellant, Dearnta Thomas. Your Honors, the central issue in Mr. Thomas' appeal is what... Oh, can you speak up, Ms. Pratt? It's not a problem with my hearing, but I want to hear what you have to say. Okay. Is this better? I'll try to... Yeah, that's better. Okay, thank you. I always feel like I have to swallow the microphone. That's great. The central issue in this case is really what is the proper analytical framework for determining whether a VICAR offense qualifies as a crime of violence for purposes of the 924C crime of violence force clause definition. I think that the Court has two or three options. One, it can look only at the enumerated offense in the VICAR statute. It could look simply at the underlying offense that gives rise to the VICAR charge, or it could look at all three, and if any one of those is a crime of violence, then 924C's requirement is satisfied. In our view, the Court needs to consider the underlying offenses for three reasons. First, we think that the text of the VICAR statute supports that. So, as relevant in this particular case, that text is... It's written in the singular. It says a crime of violence committed with a firearm. There's no suggestion that multiple credits... that multiple predicates are required. And if the statute is written in the singular, we can simply look at VICAR assault with a dangerous weapon and ask whether that's a crime of violence. Your Honor, that's what I said just a minute ago, that if either the enumerated offense or the underlying offense is... So, there could be situations, for example, with the part of VICAR that deals with conspiracies. Well, we know that conspiracy is not a crime of violence, but if the underlying state offense... is VICAR assault with a dangerous weapon. A two-part response, yes. First, I understand that we're not dealing with a conspiracy. I simply was giving that as an example of an enumerated offense that would not be a crime of violence. But in this specific case, yes, the count three charged VICAR assault with a deadly weapon. And this is what the text of the statute... Even if, let's say, there was a VICAR, not just assault with a dangerous weapon, but VICAR murder or kidnapping, that we couldn't say that those are crimes of violence unless we looked at some other predicate? What I'm saying, Your Honor, is that there are potential multiple possibilities given how a particular count is charged. And what's really important is the text of the statute. That, in this case, the assault with a dangerous weapon... With the statute, how would there be multiple possibilities? I come again. The statute says 924C, which is the operative statute, says we're dealing with a crime of violence, a firearm, use of a firearm in committing a crime of violence. And it says a crime of violence. It doesn't mean multiple crimes of violence. And my question for you is, are we going into a situation where we require predicate upon predicate and putting ourselves in a situation of having a daisy chain of predicates and having to just run around all over the circuit and ask whether every single common law crime, state common law crime, is a crime of violence? And what I fear is that we are making something very complicated, which Congress intended to be something more straightforward and simple. Your Honor, I disagree. And here's why. First of all, if I could explain why the text of the statute must be fully considered. It says whoever assaults with a dangerous weapon in violation of the laws of any state or the United States, if you focus only on the language assaults with a dangerous weapon, you're reading out that other requirement. But the last requirement modifies the former, right? So the last requirement in violation of the laws, right? You would agree you cannot be convicted of vicar because you violated state shot lifting laws. Correct, Your Honor. It has to be both a violation of state law, but it must also be a federal assault with a dangerous weapon. Yes, that is correct, Judge Richard. Both of those are required. And so I take Judge Wilkinson's point to be that if you commit assault with a dangerous weapon, then it doesn't, and if that is a crime of violence, if that element of the offense is a crime of violence, it matters not whether the state law offense is such a crime of violence or not. Yes, I think that's correct. But if you are in a situation where an enumerated offense, and it's not this case, I understand that, but obviously a decision in this case will apply to other parts of the vicar statute. Kidnapping. This court has said federal kidnapping is not a crime of violence. Well, what about the state law analog to that? Judge Wilkinson, in terms of your concern about— I don't understand that answer. Help me understand. Okay. So it could be either one, right? So if assault with a deadly weapon is a crime of violence, then we're finished. Correct. Alternatively, if the state law predicate is a crime of violence, we're finished. We only have to say that these elements taken together establish a crime of violence. And so that could be done by virtue of the federal assault with a deadly weapon provision. It could be done with the state predicate provision. Any of those satisfy? Because we know each of those elements had to be proven in order for him to be convicted. Yes, that is correct, Your Honor. Well, if that's correct, we're done here, aren't we? No, because we contend— Tell us why not. Because the generic form of federal assault with a deadly weapon is not a crime of violence because it doesn't have the mens rea that is required after the Supreme Court's decision in Borden. Why is that? Because assault with a deadly weapon or a dangerous weapon can be committed recklessly. And that is not enough. It's not enough that a defendant knowingly knows that he, for example, is waving a firearm around. He has to intend to use force, attempt to use force, or threaten force against the person or property of another. I understand that argument. If we were having this last Thursday, help me understand today after McDaniel. McDaniel tells us that assault with a deadly weapon, that language in a separate statute, but the same federal language, requires intent. It cannot be done recklessly. Rejecting the arguments that you've made with respect to blankenship at all. Help me understand. I understand the argument you made. You had to make it in your brief. Try to square that a little bit for me with McDaniel. Or just tell me McDaniel's wrong. Well, I need to say we do agree that McDaniel is wrong, but I'm not going to litigate that. In this case, the government did not rely— You're obviously bound by McDaniel today. At the moment, yes. We'll see if there is a rehearing petition, et cetera. In terms of what the government has argued here, they didn't rely on Section 111 specifically in their red brief. They relied on Section 113. 113 has a specific intent requirement in it, intent to do serious harm. Judge Richardson's reference to McDaniel makes a lot of sense, because it seems to me that McDaniel, if you put it in context, is one of a large body of cases with this core concept, and that is that assault crimes with weapon enhancements are crimes of violence. Practically every court in the country has said that an assault with a weapons enhancement is a crime of violence. There's really not much dissent on this point. And then you have here an actus reus, which is the assault with a dangerous weapon. And so that's the actus reus. We know that because you pled to it. And then the question becomes, well, what about the mens rea? And the mens rea is satisfied by the reference in the Vicar Statute to purpose, and the purpose of enhancing one's position within a RICO airframe. And that doesn't run into a recklessness problem under, I don't know, whatever the board, whatever the case is. It's not a run of the risk, because along with the verbs willful and knowing, you can group purpose, because this is not just some plain old purpose. It's not an unadorned expression of purpose. It's purpose with a distinct intent, which in my judgment, elevates the mens rea. So we have Vicar assault with a dangerous weapon. You have a clear actus reus. We know what it is because you pled to it. And we have a strong mens rea because we have the purpose mentioned in the Vicar Statute, and it's not just some inchoate or general purpose. It's purpose with a particular end in mind, which is more than recklessness. It's something that was intended for a particular purpose to be done. That's not reckless. That's not a run of the risk business. So I don't understand if you've got the completed elements of a crime with the actus reus and the elevated mens rea and that huge body of precedent from various jurisdictions saying that assaults with weapons enhancements are crimes of violence. And that seems to me a straightforward way to go about it. It may not be the only way. Judge Richardson says you can look at the state crimes. But the point is it's either or that establishes a single crime of violence. We don't have to do both and. That's where the complexity of the statute comes in is when you try to transform either or to both and. Either here can be satisfied most simply by just looking at the elements of a Vicar assault with a dangerous weapon. It also, in my judgment, can be established by looking at the state common law crimes. But I think it's simpler to just take the Vicar statute and say that's it. Day's done. I see my time's getting low. But if I could answer your question, please. In terms of what you characterize as an overwhelming mountain of law, that assault with a dangerous weapon satisfies the force clause definition. We disagree with that and we've provided a lengthy analysis to show that the majority of those statutes considered can actually be committed recklessly. Second, in terms of the purpose requirement, I don't think that you can overlay that on top of the crime of violence. I think that that's an independent requirement. And it's not at all hard to think of a situation where, for example, somebody is told to, on a dare, for example, drive recklessly down the highway against this other gang member. And in the process, he ends up hitting somebody. Well, he may be. But he didn't intend to hit that person. That was not part of their purpose. Their purpose, in your hypothetical, was simply to drive recklessly and threaten a member of the other gang. So unless there was some independent proof with respect to the injured pedestrian, that that particular act was undertaken with the purpose either for pay or to upstage their position in the RICO enterprise, that, in and of itself, couldn't be charged. But that doesn't change it where the circumstances the particular act undertaken, here, the assault with a deadly weapon, was either for pay or to increase their position. I think, as Judge Niemeyer explained in his concurrence in Manly, I think it's very difficult to get around that explanation. Well, as we explained, I think it was in our reply brief, we disagree with Judge Niemeyer's concurrence. And I see that my time is up, so I'd like to reserve the remainder for rebuttal. Thank you. If I might just ask, when you get back up for rebuttal, or maybe Mr. Carpenter, one of the two of you, I would like to hear your view on McDaniel. I understand your first view is the government failed to rely on McDaniel before it came out. I assume that argument is not particularly convincing. On reply, I just want to hear, in light of McDaniel, do you have another argument, or are you just relying on their failure to rely on McDaniel before it came out? Yes, Your Honor. Thank you. May it please the Court. Keene answers the question about how to properly interpret the structure of Vicar's statute. And under Keene, this Court has to determine that the defendant's conduct satisfies both the enumerated federal offense and the alleged state offense. Because of that structure, where you have to satisfy both, that means that either one of those requirements, the enumerated federal offense or the state offense, could bring the offense within the scope of 924C3A. But only one of them needs to be a problem. That's true. And in this case, it's easy to conclude that the federal enumerated offense of assault with a dangerous weapon satisfies 924C3A. And so it's not going to matter what the particular state crime alleged is because in all Vicar offenses, Vicar assault with a dangerous weapon, it's going to satisfy 924C3A by virtue of that enumerated offense. I think that Keene's structure about how you have these two different requirements, the enumerated federal offense and the state offense, also sheds some light on how you go about deciding what the elements are for the enumerated federal offense. Because there's no need for – it's not like the Armed Criminal Act, where the enumerated offense is seeking to capture some array of state crimes. It is just what is the federal offense. And in this context, the government really pointed to three sources of authority. We did, contrary to what the defendant is arguing, invoke 111, which is the statute in McDaniel, and that's at page 22 and 23 of the government's response brief where we cited Said, which has the collection of cases that have held before McDaniel that 111 is a 924C3A. But McDaniel is an important case because it fortifies – It is. It fortifies not only Keene, but I think it fortifies also the Bryant precedent. That's right. What I'm saying is, with respect to Bryant, I realize that the statute was somewhat different. It was a different statute, but the elements of the crime were the same. And Bryant strongly suggests that an assault with a dangerous weapon is categorically a crime of violence. And I'm afraid if we did anything else, we would be running afoul of Bryant, number one, and Keene, as you point out, number two, and number three, McDaniel. And I don't know how we go against that incoming tide of cases, one of which, I think, by well-being dispositive and accumulative effect of all three, is pretty doggone strong. I agree. There's really a convergence here because under McDaniel, 111B eliminates a recklessness mens rea, and in particular that flows from EOLA's Supreme Court's opinion where you have to have an intent to assault. 113A3 also eliminates a recklessness problem because that statute specifically requires that you have an intent to do bodily harm. And then Bryant, which was construing 2114, robbery, and interpreting the word assault in that, similarly excluded a recklessness mens rea. And then on top of all that, you also have the vicar purpose, which was the thrust of Judge Niemeyer's concurrence in Manley. So your understanding, bracketing for a minute, maybe this first question, maybe what I'll call the McDaniel question, does assault with a deadly weapon itself require non-reckless conduct, intentional conduct? The second argument, there may be alternative arguments, is that the purpose piece, even if it could be done recklessly because it must be done for the purpose, eliminates the possibility of reckless. On that second argument, bracketing the first one, what's your response to their argument that the conduct can be committed for a purpose, but the assault done recklessly, which is their example of like shooting the gun in the air to celebrate, and she relied on the reckless getaway driver earlier. What's the government's position of why that doesn't work? It doesn't work because the vicar purpose is attaching to the enumerated crime. It modifies assault. Assault with a dangerous weapon. The assault must be done for the purpose, not the conduct must be done for the purpose. Right, exactly. And so I think that takes care of the problem. I want to go back to – So let me just make sure I follow that. So that means because for the purpose modifies assault and not conduct, which doesn't appear in the statute, your position, I think, as Judge Agee suggested in talking to your colleague, that means the purpose must be both the conduct and the apprehension of harm, which is sort of the two pieces of an assault. Right. I mean, saying it, I think, in more colloquial terms, the enumerated crime has to be done for the purpose of advancing your position in the racketeering enterprise. And so not some other conduct, but the enumerated crime has to be the purpose. Both pieces on it, right? Not just the conduct that results in a crime, but you must intend the crime, and that requires for assault both the conduct, but also causing a reasonable apprehension of fear. Right. And this circles back to, I think, Keane in a way, because you can't lose sight of the centrality in the statute of those enumerated crimes. This is not a statute that just has, if you violate state laws, you've committed a vicar offense. It can't be read that way. You know, this is not a version of the Assimilated Crimes Act. This is, you have to commit one of those enumerated federal offenses, and it has to be in violation of state law. And the vicar purpose is attaching to the enumerated federal offense, which here would include the assault with a dangerous weapon. I do think there's an important question about how you- Alvarado Linares, which seems to say that you have to look just at the state underlying predicate. It's a little confusing, but I think that's the thrust of it. Is it your view that that's just wrong, or is there some other distinguishing factor? No, I think that's, it is wrong. And I think it's important to say a couple of things about that, because there are a variety of cases out there, I'm not sure of the pronunciation from the Penn Circuit, where courts have looked to the state crime and not considered the generic federal offense. And I think the common theme there in those cases is that, essentially, this is just an overlooked point. Nobody has needed to really drill down on the statutory language of the vicar statute and discuss and consider the relationship between the enumerated federal offense and the state offense. This court has done that correctly in Keene. And the vagaries out there in less-than-precise language in the cases from other circuits is just reflecting a reality that, absent the categorical approach, these distinctions are not really providing viable defenses in these cases. And so, defendants aren't going into court and defending vicar crime by pointing to the difference between, here, the state law alleged and the enumerated federal offense and saying there's some difference in heightened standard on one versus the other. And so, nobody's really needed to pay that much attention to this, because it just hasn't been squarely addressed. And so, there's language in those cases that seems pretty definitive, that they're looking only to the state crime. But what explains that language is that nobody squarely addressed this issue and analyzed it. And if you go back to the analysis in Keene, I think you see that it has to be the case that there are the enumerated federal offenses that you have to satisfy and the state crimes. Because if it's just the state crimes, there's no way to explain when those state crimes fall within the vicar statute and when they don't, whether, you know, you can't just allege any old state offense. And as Keene correctly said, you answer that question not by doing a comparison, asking whether the state crime falls within the generic federal offense. You answer it by having independent requirements. So, you have to satisfy the federal enumerated offense, and then there has to be the alleged state offense that you satisfy. As I understand it, the Sixth Circuit has a case where they look purely at the vicar offense. That's right. And they did not adopt a see-through analysis. Well, I mean, you can look at both, and the Sixth Circuit has cited in Johnson earlier this year in the context of a RICO offense, Keene favorably, and I think that that's correct. There's some slight discrepancies between the language of 1961-1 and the vicar statute. For our purposes, I don't think those differences matter for this point that you have to satisfy the enumerated offense. I thought the Sixth Circuit was saying that you could concentrate on vicar. Yes, I mean, Manners and then more recently Nicholson, I think, are both best read that way. So, we would be creating a circuit conflict if we said looking at vicar is insufficient. You've got to do both vicar and whatever common law state crimes might be relevant. Yeah, that's right. I mean, to Judge Agee's point, I think already there's some language in other circuits' opinions that is somewhat difficult to reconcile with Keene. But the way I would address those is to say that they have never really considered the questions that Keene raised and that this court has answered. And if those courts were presented with this fuller analysis and how they grapple with the language of the vicar statute, I think that they would come around to review this court. My view again is if we started looking and saying it was mandatory to look at the state crimes, then we would be creating a circuit conflict, would we not? I think that's right. Although, I mean, I do think the state crime by itself can bring you within 924C3A because you have to satisfy it. I think that was the point that my colleague Judge Richardson was raising. I'm hoping I'm understanding it, was that since the statute references a single crime of violence, that you can find the crime of violence either in the state common law, the state statute, or you can find it in the elements of vicar itself. Right. I agree with that. One last point and I'll sit down. I think that when you're looking at vicar murder, for example, the natural place to go to figure out what enumerated murder is, is 18 U.S.C. 1111. That you wouldn't go and look at, say, a murder under witness tampering statute or under 848E. That you'd look to 1111. And I think that that helps explain why it could be natural to look to 113A3 because that is the comparable on federal property, special maritime jurisdiction crime. But I don't think you have to decide that definitively here because you can look to 111 in McDaniel. You can look to Bryant in 2114. You can look to 113A3. They all yield the same result, which is that the assault here can't be done recklessly. Well, I mean, there's so many ways you can look at it. You can look at it with the evidence in 18 U.S.C. 111, which was the federal offense that was most analogous to vicar. All of the law that I've been able to unearth has indicated that 18 U.S.C. 111 is of some relevance to this case. And part of what seems to be a gathering consensus around the country, maybe it's a long established consensus, I don't know, that any kind of assault crime with a weapons enhancement is very likely to be ruled a crime of violence. And you step back and you say, what did Congress really want to accomplish with 924C? And then you think to yourself, well, this is exactly what they wanted to accomplish. That someone was using a firearm with the definite purpose of enhancing one's position within the Rico Air Prize. And so you ask, is this what Congress wanted 924C for? So, yeah, it sounds right. It sounds like what we have here is exactly what Congress wished to accomplish. And that's got to be the, you know, that's sort of got to be the bottom line for any court. And to align yourself with what the congressional intention. I agree, and we ask that the court affirms. Can I ask a maybe unrelated question and you can totally beg off of this one? I know that you don't challenge the Certificate of Appeal Ability here as being proper under 2253C2 and 3. And, you know, given that there's no mention of a constitutional right in the Certificate of Appeal Ability, I wonder if you cared and only if you cared to comment on why the government didn't challenge that as not reflecting or identifying what the denial of constitutional right that was at issue? Sure. I did think about that question. And here's my answer, which is ultimately whether the by-car assault with a dangerous weapon satisfies 924C3A raises a constitutional question. I think that the Certificate of Appeal Ability is addressing sub-issues to that question that the court would have to answer to get to that constitutional question. And it seemed like an important question that the government has an interest in getting resolved. And so it simply wasn't worth it to try to introduce the complexity of whether you could have those sub-issues in the Certificate of Appeal Ability. The issue of whether, you know, you've satisfied the COA, I believe this court has said is not a jurisdictional requirement. So the government's failure to object on that point wouldn't constitute a waiver. Thank you. Judge Pratt, do you have some rebuttal? I do, Your Honors. Judge Richardson, I will address McDonnell, but I'd like to make some other points first if I could. First of all, there is already a circuit split on this question. So whichever way this court's decision goes, it's not creating a split. Second, I think it's really important to keep in mind, again, the text of the statute. That could be your ticket to the Supreme Court. It could be. Our office has been there several times, Your Honor. I think it's very important to keep in mind that the generally described enumerated offense is designed to capture both federal and state offenses, even though we know under Keene that there is no requirement that there be an element for element match. Second. Why does that matter? I don't understand why that matters. Why does it matter it's state and federal, right? It has to be assault with a deadly weapon, and it has to violate federal law. So if we've got a drug offense, the fact that it violates federal law doesn't matter, right? But we have to satisfy both of those elements, right? What I'm trying to get at, Judge Richardson, is that the violation of state law, I think it cannot be, or a federal law, I think it cannot be a completely unrelated offense. It has to be assault with a deadly weapon. That's the point, right? It's not just a violation of state or federal law. It's a violation of state or federal law that is also assault with a deadly weapon in our particular case. Let me try to rephrase it. If the government were to allege simply that a defendant commits the enumerated offense and does not allege that there is a violation of state or federal law, that is not a vicar offense. So too the other way, right? The point is the offense requires both things. Assault with a deadly weapon and a violation of state or federal law. Those are separate elements of the offense. That's what Keene tells us. I mean, correctly, right? That's what is obvious, it seems to me, from the statute. Well, I think it, and I believe that the language up in the main paragraph of A has to be read as a whole, and it is assault with a dangerous weapon in violation of state or federal law. Both things. Yeah. I think it's also very important to keep in mind Congress knows how to define offenses by reference to other statutes. It does that in, for example, the Hobbs Act statute. It gives a specific definition of robbery. It does so in terms of what constitutes racketeering in Section 1961. It has not provided any independent definition of assault with a dangerous weapon in the vicar statute, and therefore- Well, it has to the extent that it requires a specific purpose to be part of that assault with a dangerous weapon. I mean, obviously, Your Honor, we disagree that that purpose requirement is enough to make, to satisfy the mens rea requirement. That is an element that would have to be approved. It is, but we think it's an independent element. Independent of what? Independent of the assault? That's our position, Your Honor. Wait, let me understand that. So when it says, for the purpose of gaining interest or maintaining enterprise, commits assault, right? For the purpose, you think doesn't relate to committing assault. And I don't understand that at all. I understand that, but I don't think I'm going to be able to give you a satisfactory answer. In terms of why the Second Circuit and the Eleventh Circuit look through to the state offenses, as the Second Circuit explained in the Pastore case, it is because the vicar offense hinges on a violation of state or federal law. And the Sixth Circuit cases, Manners and then Nicholson, do not consider the mens rea element. They consider simply whether, you know, whether the use of force is sufficient. And in fact, as we noted in our reply brief, there is a different Sixth Circuit case that does expressly look at the mens rea requirement and does so in the context of a Tennessee aggravated assault statute and concludes that that is not a crime of violence. So the Sixth Circuit is not consistent. Finally, I think that if the court rules against us today, it's going to have to effectively overturn both Mathis and Manley. And this panel does not have the power to do that absent en banc consideration. Thank you. And we request that the court reverse the district court's ruling. All right. Thank you both very much.
judges: J. Harvie Wilkinson III, G. Steven Agee, Julius N. Richardson